**ELLISON v. UNITED STATES.**

No. 1185.

Circuit Court of Appeals, Tenth Circuit.

April 10, 1935.

Harry F. Brown, of Guthrie, Okl. (Harry F. Blake, of Guthrie, Okl., on the brief), for appellant.

Randolph C. Shaw, Sp. Asst. to Atty. Gen. (Summerfield S. Alexander, U. S. Atty., and R. T. McCluggage, Asst. U. S. Atty., both of Topeka, Kan., and Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., on the brief), for the United States.

Before LEWIS, McDERMOTT, and BRATTON, Circuit Judges.

PER CURIAM.

In 1931 appellant discovered that he had been totally and permanently disabled since May, 1919; without explanation for the long delay, he brought this action upon his war risk insurance policy. The cause was tried without a jury, and this appeal rests upon the sole ground that the proof conclusively demonstrated his total and permanent disability.

His discharge from the Army, signed by appellant, recited that he received no wounds in the service and that his physical condition upon discharge was good. He was afflicted with some nervous ailment, reflected in a tremor in his hands and head, which has continued since discharge. Notwithstanding, he carried on for considerable periods of time in many positions, and since 1925 he has operated a farm, in conjunction with his aged father, with more than usual success. In addition to the work of superintending the operations of the farm, he has been able to do five or six hours' physical work a day. The doctors disagree as to the type of his ailment, and as to whether it is sufficiently grave to prevent him from carrying on a substantially gainful occupation.

Appellant's contention is bottomed upon the proposition that the diagnosis of his

own doctors that he is afflicted with paralysis agitans must be accepted, and that paralysis agitans is, as a matter of law, totally disabling. In the light of the medical evidence to the contrary, and in the light of our own knowledge of men so afflicted who have pursued a variety of occupations with conspicuous success, we cannot accede to this proposition.

This is the ordinary case where the doctors disagree; the judgment of the trial court is supported by medical evidence, by the statement of appellant upon discharge, and strongly buttressed by the presumption that if the insured had been in fact totally and permanently disabled for twelve years, he would have discovered it earlier.

Judgment affirmed.